**WAYNE GREENWALD, P.C.**
*Attorneys for*
*Robert Diamond Alleged Debtor*
**475 Park Avenue South - 26th Floor**
**New York, New York 10016**
**212-983-1922**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
In re                                                                  Case No.: 8-20-71877-reg
                                                                       Involuntary Petition
**ROB DIAMOND,**                                      Chapter 7

                                   **Alleged Debtor.**
-------------------------------------------------------X

## DECLARATION OF ROBERT DIAMOND SUPPORTING ALLEGED DEBTOR'S MOTION FOR ORDERS: A.) DISMISSING THE INVOLUNTARY PETITION; OR B.) CHANGING THIS CASE'S VENUE

**TO: HON. ROBERT E. GROSSMAN**
       **UNITED STATES BANKRUPTCY JUDGE**

       Robert Diamond, declares:


## PRELIMINARY STATEMENT

1.      I am the Alleged Debtor and have personal knowledge of the facts stated

herein.

2.      I submit this declaration in support if my motion asking this Court to enter

orders: a.) pursuant to  a.) Fed.R.Civ.P. 12(b)(3), made applicable herein by

Fed.R.Bankr.P. 1011(b), 28 U.S.C. § 1412, dismissing this case for improper venue or alternatively, pursuant to Fed.R.Bankr.P. 1014(a), transferring this case's venue to the Southern District of New York; b.) granting such other and further relief as this Court deems proper (the "Motion").

2.)    The Motion should be granted because:

a.)    the Petition (annexed hereto as Exhibit "A") commencing this case bases its venue a "bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district."

b.)    the prior pending bankruptcy case's venue is based on a misrepresentation in the Petitioning Creditors' involuntary bankruptcy petition against my wholly owned entity, Diamond Financial Co., Inc, (the "DFC Petition" annexed hereto as Exhibit "B.");

c.)    as the DFC Petition lacks a basis for being filed in this district, it follows that the Petition which relies on the defective DFC Petition for venue should also fail.

c.)    if this case is to continue, venue should be in the Southern District of New York.

d.)    Making the Southern District of New York the venue is interest of

justice and convenience of the parties.


**THE PETITION IMPROPERLY SET VENUE IN THIS DISTRICT.
THIS CASE SHOULD BE DISMISSED OR THE VENUE CHANGED TO
THE SOUTHERN DISTRICT OF NEW YORK**


**The Petition**

3.     The Petition based this case's venue on the allegation that "A bankruptcy

case concerning debtor's affiliates, general partner, or partnership is

pending in this district." See, Exhibit "A," Sec. 10.

4.     That statement is correct.

5.     However, that prior pending case is the DFC Petition.

6.     The DFC Petition based its venue in this district on the allegation that there

was a prior pending bankruptcy case.

7.     There was no "bankruptcy case concerning debtor's affiliates, general

partner, or partnership is pending in this district" when the DFC Petition

was filed.

8.     No other basis for venue was alleged in the DFC Petition.

**THE CHANGE-VENUE ALTERNATIVE**

9.      Alternatively, this Court can issue orders changing this case's venue to the

        Southern District of New York.


**Applying the Considerations**

***Convenience of the Parties Considerations***

Proximity of Creditors to the Court

10.     According to the Petition, (Exhibit "A") the Petitioning creditors are

        dispersed around the New York Metropolitan area, including the Southern

        District of New York. The greatest number of petitioning creditors reside in

        Florida.

11.     Moreover, the Petitioning Creditors' attorneys are located at 1325 Avenue

        of the Americas, in Manhattan. See, Petition.

12.     The Southern District of New York is more convenient to more of the

        creditors.


Debtor's Proximity to the Court

13.     I reside in Manhattan.

14.     Likewise, my attorneys are located in Manhattan.

15.     The Southern District of New York is more convenient for the Debtor.

## Proximity of Witnesses

16.    Witnesses necessary for the estate's administration would be me and

persons who have been involved with DFC's operations.

17.    The Southern District of New York is better situated for witnesses.


## Location of the Assets

18.    My assets are located in Manhattan.


## Estate's Economic and Efficient Administration

19.    I, my creditors, our professionals and my assets are predominantly situated

in Manhattan or the New York Metropolitan area.

20.    Changing venue to the Southern District of New York, will reduce the

expenses and time required to administer my case and estate.

21.    Nor need changing venue result in changing Bankruptcy Judges.

22.    Bankruptcy Judge Grossman is assigned to this case in the Eastern District

of New York.

23.    Judge Grossman also sits in the Southern District of New York.

24.    It may be possible for Judge Grossman to retain this case in the Southern

District of New York.


<u>Ancillary Administration for a Liquidation</u>

25.    I, my creditors, our professionals and my assets are predominantly situated

in Manhattan or the New York Metropolitan area.

26.    Therefore, the Southern District of New York, appears to be the superior

venue if the case is a liquidation.

27.    Expenses and time involved to administer the case and estate will be less in

the Southern District of New York than in the Eastern District's Central

Islip.

28.    Changing venue to the Southern District of New York, will reduce the

expenses and time required to administer my case and estate.

29.    The Convenience of the Parties Considerations are satisfied.

## ***<u>The Interest of Justice Considerations</u>***

Promoting Estate's Economic and Efficient Administration
<u>And Judicial Economy</u>

30.    The prior discussion concerning convenience of the parties shows this factor

being satisfied.

31.    I, my creditors, our professionals and my assets are predominantly situated

in Manhattan or the New York Metropolitan area.

32.     Changing venue to the Southern District of New York, will reduce the

expenses and time required to administer my case and estate.

## Forum Interest in Resolving the Controversy.

33.     Upon information and belief, both the Southern District of New York and

the Eastern District of New York apply New York State law and are subject

to the Second Circuit Court of Appeals' authority,

34.     It does not appear that either forum has a particular interest in this case's

outcome.

## Equally Fair Trials

35.     There is no reason to believe that the Bankruptcy Court for the Southern

District of New York would be more or less fair than the Bankruptcy Court

for the Eastern District of New York.

36.     If Bankruptcy Judge Grossman retains this case, the treatment would be

identical.

## Transfer's Effect on Enforceability of Judgment

37.   Upon information and belief, a judgment issued by the Bankruptcy Court for the Souther District of New York would be no more or less enforceable than one issued by the Bankruptcy Court for the Eastern District of New York.

Disturbing the Chosen Forum

38.   The question here should not be whether the Petitioning Creditors' choice of forum should be disturbed?

39.   In bankruptcy cases, my debtor's choice of forum is entitled to great weight and deference.

40.   My choice of forum is the Southern District of New York.

41.   As shown above, it is a superior venue for this case.

42.   If this case is to continue, its venue should be the Southern District of New York.

43.   I declare that the foregoing statements of fact are true and correct to the best of my knowledge, under penalties of perjury, pursuant to 28 U.S.C. § 1746.

**WHEREFORE**, I ask this Court to grant this Motion and enter orders:

a.)   pursuant to Fed.R.Civ.P. 12(b)(3), made applicable   herein by Fed.R.Bankr.P. 1011(b), 28 U.S.C. § 1412, dismissing this case for

improper venue or alternatively, pursuant to Fed.R.Bankr.P. 1014(a),

transferring this case's venue to the Southern District of New York;

and

b.)    granting such other and further relief as this Court deems proper

Dated: New York, NY
        May 13, 2020

Robert Diamond


By:  /s/ Robert Diamond
        Robert Diamond