**WAYNE GREENWALD, P.C.**  Hearing Date and Time:
*Attorneys for the Witness,*  *July 29, 2020, 9:30 a.m.*
*Ilene Diamond*
**475 Park Avenue South - 26th Floor**
**New York, New York 10016**
**212-983-1922**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re                                                                         Case No.:
                                                                                      8-20-71878-reg
     **ROB DIAMOND,**
                                                                                      Chapter 7
                           **Debtor.**
-----------------------------------------------------------X

**ILENE DIAMOND'S OPPOSITION TO THE TRUSTEE'S MOTION**
**TO HOLD HER IN CONTEMPT**

**TO:  HON. ROBERT E. GROSSMAN**
       **UNITED STATES BANKRUPTCY JUDGE**

Ilene Diamond, by her attorneys represents:

**PRELIMINARY STATEMENT**

1. Ilene Diamond objects to the Trustee's motion to hold her in contempt for purportedly violating the order and subpoena authorizing and directing her examination, under Fed.R.Bankr.P. 2004 (the "Motion"). A copy of the subpoena and order are annexed hereto as Exhibit "A" collectively.

2. The Motion should be denied because:

    a.) it is based on a defective subpoena;

    b.) its objective is terrorizing Ilene Diamond, not getting information;

    c.) Ilene Diamond has complied with and continues to comply with the

        subpoena and order;

d.)    the Motion contrives contempt; it was filed before Ms. Diamond's scheduled examination; and preempted Ms. Diamond's anticipated motion for a protective order;

e.)    to the extent Ms. Diamond has not complied with the subpoena and order, she has an adequate excuse

These matters are elucidated herein.

## **THE MOTION'S IMPROPRIETY**

3. The Motion is signed by Michael Fox.

4. Mr. Fox was a friend of the Debtor,

5. Mr. Fox is a friend of the petitioning creditors who commenced this case.

6. Upon information and belief, those petitioning creditors complained to Mr. Fox that he was not being sufficiently aggressive in this case.

7. The Motion represents that the order granting the 2004 examination was "negotiated and agreed between and among counsel." (Motion ¶ 16).

8. Whoever that counsel was, Ilene Diamond's and the Debtor's was not among them.

9. Ms. Diamond's Rule 2004 examination was scheduled for July 10, 2020

10. Ms. Diamond met her doctor July 1, 2020, at Kings brook Jewish Medical Center.

11. A nurse practitioner Rebecca Bigio, wrote prescriptions that Ms. Diamond

"should not participate in the legal process involving her husband, . . . it could derail her progress," and she risks hospitalization.

12. Nurse Bigio's prescriptions are annexed hereto and incorporated herein as Exhibits "B."

13. One of Nurse Bigio's prescriptions was provided to Mr. Fox.

14. Prescriptions written by nurse practitioners were insufficient for Mr. Fox.

15. A letter from a doctor was required.

16. On July 9, 2020, Ms. Diamond returned to Kingsbrook Jewish Medical Center, to obtain the letter required by Mr. Fox.

17. The Doctor was unable to write a letter that day,

18. The Coronavirus Pandemic have place hospitals in a siege condition.

19. A copy of Ms. Diamond's hospital report was sent to Mr. Fox. A copy of that hospital report is annexed hereto as Exhibit "C."

20. The Trustee agreed for Ms. Diamond's examination being adjourned to July 24, 2014.

21. During that time Ms. Diamond sought a doctor's letter as medical proof of her condition.

22. The Trustee was apprised that Ms. Diamond was moving for a protective order against her testifying.

23. Meanwhile, Ms. Diamond provided the Trustee and Mr. Fox with documents responsive to the subpoena.

24. On July 17, 2020, Ms. Diamond's attorneys received a copy of a letter from

Dr. Virginia Contreras, a psychiatrist. A copy of that letter is annexed hereto and incorporated herein as Exhibit "D."

25. Dr. Contreras describes Ms. Diamond's condition, concluding. "Due to the severity of her symptoms Ms. Diamond is unable to present herself at a deposition."

26. Having Dr. Contreras letter, a motion for a protective order could be prepared and filed prior to Ms. Diamond's July 24, 2020, 2004 examination.

27. Between July 20 and 21, 2020 and Mr. Fox and Ms. Diamond's attorneys exchanged emails about document production.

28. Mr. Fox never mentioned making the Motion.

29. The Motion was filed on July 21, 2010.

30. In his email of July 21, 2020, Mr. Fox acknowledged that Ms. Diamond was moving for a protective order.

31. This Motion is obviously an effort to preempt that motion.

32. It was even filed before Ms. Diamond's scheduled examination.

33. She was not given the chance to default.

34. This attack was ordained.

**Non-Compliance with Fed.R.Civ.P. 45**

35. The subpoena was issued pursuant to Fed.R.Civ.P. 45.

36. Fed.R.Civ.P. 45(d)(1) provides:

> (d) Protecting a Person Subject to a Subpoena; Enforcement.

>   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

37. The preceding chronology shows that the "attorney responsible for issuing and serving a subpoena [did not] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," Ilene Diamond.

38. It is obvious that an undue burden was intentionally yoked on Ms. Diamond.

**Improperly Prosecuted Process**

39. The subpoena, this Motion and motions seeking Fed.R.Bankr.P. 2004 examinations are filed by Olshan Frome Wolosky LLP "as counsel to the trustee."

40. However, Olshan Frome Wolosky LLP is not counsel to the trustee.

41. It is "special counsel" to the Trustee," 11 U.S.C. § 327(e), "to work, in conjunction with [the Trustee's] general counsel. on matters regarding the avoidance of payments made that were either preferential or fraudulent. . ."

See, "Application for Order under 11 U.S.C. §§ 327, 328 and Fed. R. Bankr. P. 2014 and 2016 (i) Authorizing the Employment and Retention of Olshan Frome Wolosky LLP as Special Counsel to the Trustee and Nunc Pro Tunc to June 1, 2020" ECF # 34, annexed hereto as Exhibit "E".

42. Fed.R.Bankr.P. 2004's "fishing expedition" does not seem to be within that work description.

43. It seems that a "fish" must first be found before the identified services are required.

44. The Motion and what preceded it are improper.

### ILENE DIAMOND'S COMPLIANCE WITH THE SUBPOENA AND ORDER

45. The subpoena required Ilene Diamond to appear for her examination and produce documents.

46. The Documents to be produced were:

    1. All documents and communications concerning the Debtor.

    2. All insurance policies, homeowner and otherwise that covered any of Your property. (Real or Personal)

    3. Documents sufficient to identity all credit and charge card accounts for the last six Years

    4. All cosigning statements on the sale of any real estate that You owned individually or jointly.

    5. All account numbers for retailers that You shopped at including

Saks Fifth Avenue and Bloomingdales.

6. All documents concerning Your relationship with DFC and any Diamond Related Entity

7. A list of all Your bank and deposit account statements, including retirement accounts in Your name.

8. All of Your securities account statements, including retirement accounts in Your name.

9. All statements concerning any trust assets in which You are a beneficiary.

10. All documents and communications concerning the amount, acquisition disposition and location of any Your assets in excess of $10,000.

11. All documents and communications concerning any transfer of assets in excess of $5,000 made from or on behalf of the Debtor to You or on Your behalf.

12. All tax returns for You and for the Debtor for the tax years 2014 through 2019.

47. The request for all documents and communications concerning the Debtor is absurd. Arguably, it includes junk mail left on a counter.

48. Otherwise, except a maybe for greeting cards exchanged, Ms. Diamond was unaware of having responsive documents.

49. Ms. Diamond was unaware of having possession or control of insurance

policies, homeowner and otherwise that covered any of her property.

50. Ms. Diamond provided documents sufficient to identity all credit and charge card accounts for the last six years.

51. Ms. Diamond was unaware of having possession or control of cosigning statements on the sale of any real estate that she owned individually or jointly.

52. Ms. Diamond provided all account numbers for retailers that she shopped at including Saks Fifth Avenue and Bloomingdales.

53. Ms. Diamond was unaware of having possession or control of documents concerning her relationship with DFC and any Diamond Related Entity

54. Ms. Diamond provided a list of all her bank and deposit account statements. She has no retirement accounts.

55. Ms. Diamond was unaware of having possession or control of securities account statements, including retirement accounts in her name.

56. Ms. Diamond was unaware of having possession or control of statements concerning any trust assets in which she is a beneficiary.

57. Ms. Diamond was unaware of having possession or control of documents and communications concerning the amount, acquisition disposition and location of any her assets in excess of $10,000.

58. Ms. Diamond was unaware of having possession or control of documents and communications concerning any transfer of assets in excess of $5,000 made from or on behalf of the Debtor to her or on her behalf.

59. Ms. Diamond was unaware of having possession or control of tax returns for her and for the Debtor for the tax years 2014 through 2019.

60. Moreover, whatever tax returns there are were already provided to the Trustee by the Debtor. They are joint tax returns.

61. Ms. Diamond lacked possession or control of years of credit card and bank statements.

62. The Debtor sought them for her.

63. Once the documents were received, they were provided to Ms. Diamond's counsel, scanned and provided to the Trustee or Mr. Fox.

64. These include, Signature Bank, American Express, Bloomingdales and others.

65. Ms. Diamond lacks control over how fast banks and creditors respond to requests for documents.

66. She remains awaiting documents she requested.

67. Ms. Diamond has been reasonably diligent and energetic in attempting to accomplish what was ordered.

68. The basis for contempt has not been proven. *Ferrara v. BD Haulers Inc.*, 2016 WL 6683474, at *2 (E.D.N.Y.).

### ILENE DIAMOND HAS AN ADEQUATE EXCUSE TO THE EXTENT THAT SHE HAS NOT COMPLIED WITH THE SUBPOENA AND ORDER

69. Fed.R.Civ.P. 45(g) provides:

> Contempt. The court for the district where compliance is required--and

        also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

70. Ilene Diamond has not appeared for her examination under oath because doing so will harm her.

71. Her doctor and medical professionals say so.

72. Ms. Diamond appearing for a deposition in unduly burdensome.

73. It would even be the basis for a protective order.

74. A subpoenaed party's age and poor health is a basis to preclude or limit a deposition. See, *e.g., Ahrens v. Ford Motor Co.*, 340 F.3d 1142, 1147 (10th Cir. 2003); *In re Tutu Water Wells Contamination CERCLA Litig.*, 189 F.R.D. 153, 155 (D.V.I. 1999); *Trebby v. Goodyear Tire & Rubber Co.*, 129 F.R.D. 468, 469 (S.D.N.Y. 1990); *United States v. Mariani*, 178 F.R.D. 447, 449-50 (M.D. Pa. 1998); *In re McCorhill Pub., Inc.*, 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988); *Haviland & Co. v. Montgomery Ward & Co.*, 31 F.R.D. 578, 580 (S.D.N.Y. 1962); see also Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2037 (3d ed.) (noting "frail health of the witness may serve as a reason for refusing leave to take a deposition").

75. This is particularly so when the same information sought can be obtained from other sources. burdensome nature. *Ahrens v. Ford Motor Co.*, 340 F.3d 1142, 1147 (10th Cir. 2003) (affirming court's discretionary decision to preclude depositions of two elderly persons when deposition of another

"would yield comparable evidence" and "where the information is believed to be obtainable from another source").

76. The subpoena focuses on Ms. Diamond's spending habits.

77. The Documents produced and being produced, provide better evidence than a witness' testimony.

78. Ilene Diamond produced all of the documents she had which were responsive to the requests.

79. If she didn't produce them, it's because they don't exist (e.g., trust account documents) or she doesn't have them (e.g., years of credit card statements).

80. A party lacking sought documents should not be held in contempt. See, *Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*, 2014 WL 1201905, at *5 (S.D.N.Y.), objections overruled, 2016 WL 3042733 (S.D.N.Y.)("The party seeking the production bears the burden of demonstrating that the other party has control over the documents sought").

81. Ms. Diamond's initial objection to the Trustee of her being examined is also an "adequate excuse" for Fed.R.Civ.P. 45(g) purposes. See, *In re Shoot the Moon, LLC*, 2019 WL 2482860, at *5 (Bankr. D. Mont.).

82. There is no basis for holding Ilene Diamond in contempt.

83. The Motion should be denied.

**WHEREFORE,** it is requested that the Court issue orders: a.) denying the

Motion; and b.) granting such other and further relief as this Court deems proper.

Dated:   New York, New York
         July 28, 2020

                                      WAYNE GREENWALD, P.C.
                                      *Attorneys for the Witness*
                                      *Ilene Diamond*
                                      475 Park Avenue South - 26th Floor
                                      New York, New York 10016
                                      212-983-1922

                                      By:  /s/ Wayne M. Greenwald
                                              Wayne M. Greenwald