Rosen & Kantrow, PLLC
Attorneys for Allan B. Mendelsohn, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

                      Case No.: 20-71878-reg

     ROBERT DIAMOND,                    Chapter 7

                    Debtor.

-----------------------------------------------------------x

**APPLICATION OF ALLAN B. MENDELSOHN, TRUSTEE, FOR THE ENTRY OF AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING <u>PINE HOLLOW COUNTRY CLUB TO PRODUCE DOCUMENTS</u>**

Allan B. Mendelsohn, trustee (the "Trustee") in the above captioned chapter 7 case, by and through his attorneys, Rosen & Kantrow, PLLC, respectfully submits this as and for its application (the "Application") for the entry of an Order directing PINE HOLLOW COUNTRY CLUB ("PHCC") to produce documents and to effect service of the subpoena upon PHCC, 6601 Northern Boulevard, East Norwich, New York 11732 to the attention of Brian Lau, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and states as follows:

## **BACKGROUND INFORMATION**

1.      On April 14, 2020, an involuntary chapter 7 petition was filed against Robert Diamond, debtor (the "Debtor"). On May 13, 2020, the Court entered the Order for Relief.

2.      Allan B. Mendelsohn was appointed interim Trustee and thereafter did duly qualify as permanent case Trustee.

3.      Trustee has been involved in a review of Debtor's finances in an attempt to locate

and recover assets for the benefit of the Debtor's substantial creditor body. To that end, Trustee has reviewed financial documents, including, but not limited to, documents relating to Debtor's business operations.

4. Upon information and belief, and a review of certain documents in the Trustee's possession, the Debtor provided the funds for an extravagant wedding celebration for his daughter Jordana Diamond and her fiancé, Brett Garson on or about October 20, 2018. The funds provided in connection with the wedding celebration may constitute fraudulent conveyances recoverable by the Trustee for the benefit of the creditors of this estate.

## RELIEF REQUESTED

5. By this Application, Trustee seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto compelling PHCC to produce the documents specified in Schedule "A" to the proposed subpoena (annexed hereto as Exhibit "A").

6. Bankruptcy Rule 2004 provides, in pertinent part, as follows:

> (a) Examination on Motion. On Motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of any entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [T]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired by the debtor for purposes of consummating a plan and the consideration given therefor, and any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an office of the court, an

>attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

Fed. R. Bankr. P. 2004(a), (c), (d).

7. As a threshold matter, Trustee has the absolute right to be heard in this case pursuant to 11 U.S.C. § 1109(b)("A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.").

8. Examinations under Rule 2004 include within their scope, *inter alia,* any matter that may relate to the property and assets of the estate; the financial condition of the debtor; any matter that may affect the administration of a debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formation of a plan. *See,* Fed. R. Bankr. P. 2004(a), (c) and (d). Court have consistently recognized that the scope of discovery under Bankruptcy Rule 2004 is extraordinarily broad. *See, e.g., In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993) (likening the scope of a Rule 2004 examination to a 'fishing expedition'); *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (holding that the scope of a Rule 2004 examination is "admittedly unfettered and broad". (citations omitted).

9. The discovery sought by this Application goes directly to the acts, conduct and administration of the Debtor's estate. Specifically, the Trustee seeks, *inter alia,* information relating to the Debtor's finances. Accordingly, the requested discovery is directly related to the "acts, conduct or property or to the liabilities of the Debtor's estate and is appropriate under Rule 2004.

WHEREFORE, Trustee respectfully requests that this Court grant the Application in its entirety and enter an Order substantially in the form of the proposed Order annexed hereto and grant any such further relief as this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
July 31, 2020

                    Rosen & Kantrow, PLLC
                    Counsel to Trustee

BY:    <u>S/Fred S. Kantrow</u>
        Fred S. Kantrow
        38 New Street
        Huntington, New York 11743
        631 423 8527
        Fkantrow@rkdlawfirm.com